UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LOUIS R. MATTHEWS,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN CHESTNUT,<br><br>        Defendants. | Case No. 2:24-cv-01893-RFB-NJK<br><br>**ORDER** |

### I.    INTRODUCTION

Petitioner Louis R. Matthews, a federal inmate who is currently in custody at the Nevada Southern Detention Center ("NSDC"), submitted a petition for writ of habeas corpus (ECF No. 1-1), a motion to order Warden Chestnut to stop violating inmates due process rights (ECF No. 3), and a first amended petition (ECF No. 5). After initial review under the Rules Governing 2254 Cases, the Court dismisses the petition without prejudice.

### II.    DISCUSSION

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Federal law provides two main avenues to relief for legal challenges to incarceration: (1) a petition for writ habeas corpus, 28 U.S.C. § 2241, 2254, 2255 ; and (2) a civil rights complaint, 28 U.S.C. § 1983. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." Nettles

v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016). Such claims must be brought, if at all, under § 1983. If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must file a civil rights complaint. Id. at 933 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979)).

Here, the amended petition fails to state a cognizable habeas claim. Matthews asserts that inmates are moved to administrative detention without notice and in retaliation. ECF No. 5 at 7-8. He further asserts that NSDC fails to provide adequate medical services. Id. at 8. If he were to succeed on his claims, it would only mean that his conditions of confinement would change. He would not be released from custody any sooner. Because success on Matthews's claims would not lead to his immediate or speedier release, they do not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint.

In addition, the Court declines to recharacterize Matthews's petition as a civil rights complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead civil rights claims. Nettles, 830 F.3d at 935-36. However, habeas actions and prisoner civil rights cases "differ in a variety of respects—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." Id. In this case, the petition is not amenable to conversion on its face based on the differences between habeas and civil rights cases and because it is not clear whether recharacterization would disadvantage Matthews. The Court therefore dismisses the petitions without prejudice and instructs the Clerk of the Court to send Matthews the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner Louis R. Matthews's petition for writ of habeas corpus (ECF No. 1-1) and first amended petition (ECF No. 5) are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Matthews's motion to order Warden Chestnut to stop violating inmates due process rights (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Matthews is denied a certificate of appealability, as jurists of reason would not find the dismissal of this action to be debatable or wrong.

**IT IS FURTHER ORDERED** that the Clerk of the Court will send to Matthews the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court will enter final judgment and close this case.

**DATED:** April 9, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**